```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

BRENDA F. GONGRE,                  :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :    CIVIL ACTION 04-0541-CG-M
                                   :
UNITED STATES OF AMERICA,          :
UNITED STATES POSTAL SERVICE,      :
                                   :
    Defendant.                     :


<u>ORDER</u>

The Court heard from counsel this date on Defendant's Motion in Limine to Bar Retained Expert Witness Testimony (Doc. 22), Plaintiff's Response to Defendant's Motion in Limine ... (Doc. 29), and Defendant's Reply to Plaintiff's Response ... (Doc. 34). After consideration of these and the other related pleadings, as well as the arguments of counsel, the Motion in Limine was **GRANTED** and Plaintiff's vocational expert, Nancy L. Crumpton, was **STRICKEN** because Plaintiff was untimely in making the required expert disclosures.

As set out in paragraph 6 of the Rule 16(b) Scheduling Order (Doc. 11), the disclosure of expert testimony as required by Fed.R.Civ.P. 26(a)(2) was to be made by Plaintiff on or before March 4, 2005. Several days after the deadline

and concerned that no expert disclosures had been made, Defendant's counsel called and discussed with opposing counsel Plaintiff's failure to comply with the deadline for expert disclosures yet even then there was no mention of an expert. An expert was not named by Plaintiff until March 16, 2005, and Defendant did not receive the expert's signed written report until March 31, 2005, the day before Defendant's expert disclosures were to be made.  From that report, it appears that Crumpton did not even interview Plaintiff until March 24, 2005, three weeks past the deadline.  At no time did Plaintiff talk with Defendant about an extension of time in which to disclose her expert witness nor did Plaintiff at any time request such an extension from the Court.

As a result of Plaintiff not naming a vocational expert, Defendant made the decision not to retain one.  If the Court were to allow Plaintiff to use such testimony at this late stage, it would require a substantial amount of additional work, time, and expense on the part of Defendant to prepare this action for trial.

No substantial justification for failure to meet the deadline was offered or found by the Court.  Furthermore, nothing was proffered to the Court as to the need or importance of the testimony of this expert to Plaintiff's

case.  If such testimony is needed by Plaintiff, presumably pertaining to lost wages and/or income, there has been ample opportunity for Plaintiff to obtain it since the accident at issue in this action occurred on December 4, 2001, and present counsel was retained in January 2002.

In light of the ruling and discussion above and after consideration of Plaintiff's Motion to Allow Her to List an Economics Expert to Testify on Financial or Economic Damages (Doc. 33) and Defendant's Objection to that motion (Doc. 35), the motion was **DENIED**.  This attempt by Plaintiff to name a new additional expert one day before the end of the discovery period is also untimely.

After consideration of Plaintiff's Motion to Extend Discovery Deadline (Doc. 32) and Defendant's Objection to Extension of Discovery Deadline (Doc. 37), and in light of the Court's rulings above, Plaintiff's Motion to Extend Discovery Deadline was **DENIED.**  There is now no need for an extension of the discovery period.

The Court also heard from counsel on the Joint Assessment of Settlement Probability (Doc. 31).  Counsel have not yet attempted to settle this matter but will do so immediately.  If, after counsel have done what they can to settle this matter, they still believe that a settlement conference would

3

be beneficial, counsel for Defendant is to set up a telephone conference with the undersigned Judge to further discuss the setting of a settlement conference, possibly sometime during the first two weeks of June 2005.

DONE this 23rd day of May, 2005.

           s/BERT W. MILLING, JR.
           UNITED STATES MAGISTRATE JUDGE